IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN MCGHEE, **Plaintiff,** v. CHRISTINA NOTTINGHAM, REBECCA WALTON, ADAM DUNCAN, and FIELD SERVICE DEPARTMENT, **Defendants.** | Case No. 21-cv-678-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Nathan Mcghee, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Stateville Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On June 21, 2021, Mcghee filed a Complaint (Doc. 1) alleging his parole was improperly revoked and he faced unconstitutional conditions of confinement. On March 1, 2022, the Court dismissed his Complaint because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and/or failed to state a claim (Doc. 15). Mcghee was granted leave to file an Amended Complaint by March 29, 2022 (Doc. 15, p. 7). He was warned that failure to file an Amended Complaint would result in the dismissal of the entire action for failure to comply with a court order and/or for failure to prosecute his claims. As of this date,

---

[1] Although the Court has previously noted that Mcghee recently transferred to Stateville (*See* Doc. 15), he has not updated his address with the Court. According to Mcghee's last updated address, he was at Shawnee Correctional Center.

Mcghee has failed to file an Amended Complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this entire action is **DISMISSED with prejudice** based on Mcghee's failure to comply with the Court's Order to file a First Amended Complaint and failure to prosecute his claims (Doc. 15, p. 7). Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Mcghee wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   April 8, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**